IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Criminal Case No. 92-cr-00335-PAB-1

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. STEVEN ROBERTSON,

    Defendant.

_____

**ORDER**
_____

    This matter comes before the Court on defendant Steven Robertson's Motion Under 18 U.S.C. § 3582(C)(2) For Modification of Sentence by a Person in Federal Custody [Docket No. 272]. The United States has filed a response [Docket No. 279].

    In 1993, a jury convicted the defendant of one count of conspiracy to distribute 50 grams or more of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(iii), one count of possession with intent to distribute 500 grams or more of powder cocaine in violation of 21 U.S.C. 841 (a)(1) and 846, and five counts of money laundering. He was originally sentenced to life imprisonment, but on November 14, 2008, the Court granted defendant's motions pursuant to 18 U.S.C. § 3582(c) to modify his sentence based on Amendment 711 to the United States Sentencing Guidelines and re-sentenced defendant to 405 months imprisonment. *See, generally, United States v. Robertson*, 344 F. App'x 489 (10th Cir. 2009).

Defendant asks the Court to modify his sentence based on what he refers to as the "new crack bill" passed by Congress. Construing his motion liberally since he is not represented by counsel, *see Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), the Court interprets his motion as a request for the Court to apply the crack cocaine conversion ratios contained in the Fair Sentencing Act of 2010, P.L. 111-220, 124 Stat. 2372, to the calculation of his offense level, which he claims would lower his guideline sentencing range to 188 to 235 months imprisonment.

The Fair Sentencing Act, however, is not retroactive. *United States v. Lewis*, --- F.3d ----, 2010 WL 4262020, at *3 (10th Cir. 2010). As a result, the general savings clause, 1 U.S.C. § 109, requires that the penalties in place before the passage of the Fair Sentencing Act apply to the defendant's sentence. The Fair Sentencing Act affords the defendant no basis for relief.

Wherefore, defendant's Motion Under 18 U.S.C. § 3582(C)(2) For Modification of Sentence by a Person in Federal Custody [Docket No. 272] is denied.

DATED November 16, 2010.

                                               BY THE COURT:

                                               s/ Philip A. Brimmer
                                               PHILIP A. BRIMMER
                                               United States District Judge